UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEOPLES BANK,

            Plaintiff,

       v.

BLUEWATER CRUISING LLC, *et al.*,

            Defendants.

No. C12-0939RSL

ORDER DENYING MOTION TO COMPEL

     This matter comes before the Court on "Defendants' Motion to Compel Discovery" (Dkt. # 43). Defendants Bluewater Cruising LLC and Suzan Nettleship (collectively "Defendants") argue that Plaintiff Peoples Bank has not provided meaningful responses to two interrogatories or produced the complete bank file regarding the loan at the heart of this case. Because Defendants did not make a good faith effort to confer with Plaintiff regarding this discovery dispute before filing their motion, the motion to compel is DENIED.

     The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. Contrary to the clear requirement of Fed. R. Civ. P. 37(a)(1), Defendants have not certified that they conferred in good faith with Plaintiff before seeking relief from the Court.

     Plaintiff's initial responses to Defendants' discovery requests may have been untimely

ORDER DENYING MOTION TO
COMPEL - 1

and delayed, but there is no indication that Defendants notified Plaintiff of any particular concerns following receipt of Plaintiff's supplemental responses and production of documents in June 2013.  See Dkt. # 43-1 at ¶¶ 3-13.  Despite Defendants' general statement that "[m]ultiple requests for discovery were made by Defendants," dkt. # 55 at 6, there is no indication that Defendants identified any particular discovery requests or deficiencies or made any attempts to meet and confer with Plaintiff after June 6, 2013, dkt. # 52 at 5.  In addition, there is no evidence that Defendants ever raised their concern that Plaintiff's document production in response to Request for Production No. 1 was incomplete, even before Plaintiff provided its supplemental responses.  Dkt. # 43-1 at 36-39 (letter from Defendants to Plaintiff regarding concerns about other document requests).  The absence of such evidence suggests that Defendants have not satisfied their obligation under Rule 37(a)(1) or Local Rule 37(a)(1)(A).

Finally, Plaintiff's supplemental productions since June 2013 further support a finding that the parties have not reached an impasse.  Even after Defendants filed this motion, Plaintiff agreed again to work with Defendants and to supplement its responses.  Dkt. # 58 at 12.  Contrary to Defendants' contention, a good faith effort to resolve this matter would have involved an exchange of information until no additional progress was possible.  This did not happen.  As is clear from the memoranda and the late declaration filed by Defendants, Defendants' motion was premature and could have been avoided had Defendants brought their specific concerns to Plaintiff's attention before filing the motion.[1]  The Court is unwilling to

---

[1] Defendants' supplemental declaration indicates that the parties held a discovery conference more than three weeks after Defendants filed their motion to compel.  Dkt. # 58 ¶ 4.  During that conversation, Plaintiff objected to producing the entire bank file because Plaintiff contends that those documents were not responsive to Defendants' document requests.  Id. ¶ 5.  Had Defendants pursued discovery diligently and discussed this issue with Plaintiff instead of filing a motion to compel, Defendants could have resolved the dispute by propounding specific discovery requests seeking the entire bank file before the close of discovery.

ORDER DENYING MOTION TO
COMPEL - 2                                    -2-

issue an order compelling discovery under these circumstances.[2]

For all of the foregoing reasons, Defendants' motion to compel and request for fees (Dkt. # 43) is DENIED.

Dated this 24th day of October, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[2] Both sides seem to be speaking past each other in ways that do not comply with the spirit of the Local Civil Rules in general and Local Civil Rule 11 in particular (specifically referenced in Local Civil Rule 37(a)(1)). Counsel are reminded that "[t]here should be no difference between the professional conduct of counsel when appearing before the [C]ourt and when engaged outside it whether in discovery or any other phase of a case." LCR Introduction.