UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEOPLES BANK,

        Plaintiff,

        v.

BLUEWATER CRUISING LLC, *et al.*,

        Defendants.

No. C12-0939RSL

ORDER GRANTING MOTION FOR LEAVE TO TAKE PERPETUATION DEPOSITIONS

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion For Leave to Take Perpetuation Depositions of New Zealand Witnesses for Purposes of Trial" (Dkt. # 92). Plaintiff seeks leave of Court to take and present perpetuation depositions of Colin Rees, Plaintiff's valuation expert witness, and Pauline Barratt, Plaintiff's New Zealand counsel, both of whom live in New Zealand.

For the reasons set forth below, the Court GRANTS Plaintiff's motion.

## II. DISCUSSION

Plaintiff seeks to take and present two perpetuation depositions after the discovery deadline on the grounds that Defendants agreed to allow Plaintiff to take these depositions after the deadline and the timing of perpetuation depositions is not constrained by the deadline set forth in the Court's scheduling order. Plaintiff does not allege that the witnesses are unavailable to testify at trial. Rather, Plaintiff seeks to avoid the inconvenience, expense, and logistical

ORDER GRANTING MOTION

1 difficulties that would result if these witnesses were required to testify live at trial. Defendants
2 oppose the motion, arguing that they never agreed to allow Plaintiff to take perpetuation
3 depositions after the deadline for discovery and Plaintiff has not demonstrated good cause to
4 modify the Court's scheduling order.

5     Federal Rule of Civil Procedure 32(a)(4) provides that the deposition of a witness may be
6 used "for any purpose" at trial if he or she "is more than 100 miles from the place of hearing or
7 trial or is outside the United States," or, "on motion and notice, that such exceptional
8 circumstances make it desirable, in the interest of justice and with due regard to the importance
9 of live testimony in open court, to permit the deposition to be used."

10     The discovery deadline was October 6, 2013. Dkt. # 21. Pursuant to the parties'
11 stipulation and this Court's order, the parties were permitted to take the depositions of four
12 witnesses the week after the discovery deadline. Dkt. # 57.

### A. Timing of Depositions

14     Defendants object to allowing Plaintiff to take perpetuation depositions on the grounds that
15 the parties did not stipulate to (and the Court did not enter an order allowing) the taking of these
16 depositions and the discovery deadline has now passed. Plaintiff argues that it reasonably
17 believed the parties reached an informal agreement to allow perpetuation depositions after the
18 discovery deadline and regardless of whether an agreement existed, the deadline applies to
19 discovery depositions, but not to perpetuation depositions where Plaintiff seeks to preserve
20 rather than learn the content of testimony.

21     There is no Ninth Circuit authority on the issue of whether these types of depositions are
22 "discovery" depositions subject to the limits in the Federal Rules of Civil Procedure ("Rules") or
23 "trial" depositions exempt from those strictures. Authority from other districts is scant and
24 conflicting. See, e.g., Energex Enterprises, Inc. v. Shughart, Thomson & Kilroy, P.S., 2006 U.S.
25 Dist. LEXIS 58395 (D. Ariz. 2006) (denying motion to conduct additional depositions); Integra

1 Lifesciences I, Ltd. v. Merck KgaA, 190 F.R.D. 556, 558 (S.D. Cal. 1999) (same); Estenfelder v. Gates Corp., 199 F.R.D. 351 (D. Colo. 2001) (permitting depositions). As this Court has previously explained, the Court finds more persuasive the cases holding that these depositions are subject to the limits in the Rules because the Rules do not distinguish between discovery and perpetuation depositions for trial. Mabrey v. Wizard Fisheries, Inc., No. C05-1499L, 2007 WL 1795033, at *2 (W.D. Wash. June 8, 2007). The Court therefore concludes that these depositions are subject to the time restrictions in the Rules and the Court's scheduling order.

**B. Good Cause**

Having determined that the perpetuation depositions Plaintiff seeks to take are subject to the discovery deadline set forth in the Court's scheduling order, the Court now considers whether good cause exists to modify this deadline. Fed. R. Civ. P. 16(b)(4).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the modification. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown). The Court finds good cause to take the perpetuation depositions of Colin Rees and Pauline Barratt after the discovery deadline.

Although the parties' communications regarding perpetuation depositions after the discovery deadline are not dispositive, they reflect Plaintiff's diligence in its pursuit of these depositions. Plaintiff first informed Defendants of its interest in taking these depositions one month before the discovery deadline. Dkt. # 93 at 5. The e-mails exchanged by the parties show that Plaintiff reiterated his request before the close of discovery, and Defendants informally agreed that Plaintiff could decide later to take a perpetuation deposition as long as Defendants had sufficient time to prepare their cross examination, Plaintiff paid for it, the court reporter

1  handled the exhibits, and Defendants were also permitted to take a perpetuation deposition of a
2  witness in New Zealand.  Dkt. # 93 at 11.  Based on the parties' representations, the only
3  remaining issues for these depositions were how the witnesses and court reporter were going to
4  handle the exhibits and whether counsel for both parties would be in the same location for the
5  depositions.[1]  Id. at 11, 13.  Only after the discovery deadline had passed did Defendants first
6  objection to these depositions.  Id. at 21.  Considering the context and the tone of the parties'
7  communications, the Court finds that Plaintiff acted diligently in pursuing the perpetuation
8  depositions and good cause exists to allow these depositions to go forward after the discovery
9  deadline.  Zivkovic, 302 F.3d at 1087("The district court is given broad discretion in supervising
10 the pretrial phase of litigation.") (quoting Johnson, 975 F.2d at 607).

11     Furthermore, Defendants' general assertion of prejudice, dkt. # 94 at 12, is insufficient to
12 preclude a finding of good cause.  Johnson, 975 F.2d at 609 ("Although the existence or degree
13 of prejudice to the party opposing the modification might supply additional reasons to deny a
14 motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").
15 Any potential prejudice to Defendants is lessened by the fact that Defendants have already
16 deposed Mr. Rees and received declarations from Ms. Barratt, dkt. # 33; dkt. # 75.  Contrary to
17 Defendants' argument, preparing for and participating in these depositions will aid in trial
18 preparation, not detract from it.  Accordingly, Plaintiff may take video perpetuation depositions
19 of Mr. Rees and Ms. Barratt.

---

[1] Defendants contend that whatever interest they had initially in conducting perpetuation depositions was limited to that of expert witnesses and Plaintiff later expanded the scope of their limited agreement by seeking to add Ms. Barratt as a potential deponent.  See Dkt. # 94 at 5-6.  The Court notes, however, that the parties' initial communications regarding perpetuation depositions was not limited to experts.  Dkt. # 93 at 5, 7, 9.  Because Plaintiff's initial communications reflected a request to take perpetuation depositions of New Zealand witnesses generally and Plaintiff identified Ms. Barratt specifically shortly thereafter, the Court's analysis of Plaintiff's diligence applies equally to Plaintiff's pursuit of perpetuation depositions of both Mr. Rees and Ms. Barratt.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to take perpetuation depositions (Dkt. # 92).

DATED this 3rd day of January, 2014.

*MRT S Lasnik*
Robert S. Lasnik
United States District Judge