UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEOPLES BANK,

    Plaintiff,

v.

BLUEWATER CRUISING LLC, *et al.*,

    Defendants.

Case No. C12-00939RSL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS *IN LIMINE*

This matter comes before the Court on "Defendants' Motions *in Limine*" (Dkt. # 101). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**1. Expert Testimony of Colin Rees**

Because the Court recently dismissed all claims and counterclaims related to the value of the S/V Maamalni (the "Vessel") in its Order Regarding Cross-Motions for Summary Judgment, dkt. # 110, the Court DENIES as moot Defendants' request to exclude testimony regarding Mr. Rees' supplemental expert report related to the value of the Vessel.

**2. Testimony of Pauline Barratt**

Defendants seek to prohibit Ms. Barratt from offering expert testimony regarding New Zealand law because Plaintiff failed to disclose Ms. Barratt pursuant to the Court's scheduling order and the Federal Rules of Civil Procedure governing the disclosure of expert witnesses.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTIONS *IN LIMINE* - 1

Dkt. # 101 at 6. Because the only remaining claim for trial is Defendants' counterclaim for conversion of the property on the Vessel, Defendants' request to exclude Ms. Barratt from offering expert testimony regarding New Zealand law is DENIED as moot.

Defendants also argue that Ms. Barratt should be precluded from providing testimony as a fact witness because the testimony is irrelevant and cumulative. The Court disagrees. Ms. Barratt was directly involved in the negotiations regarding the property on the Vessel, including Ms. Nettleship's requests to retrieve certain items from the Vessel and the procedures the parties used to determine which items were covered by their agreement, both of which are relevant to Defendants' remaining counterclaim. Defendants' argument that her testimony is cumulative is equally unavailing. Unlike Mr. Guildner, Ms. Barratt has firsthand knowledge of the arrest of the Vessel in New Zealand and the subsequent distribution of property from the Vessel. Therefore, the Court DENIES Defendants' request preclude Ms. Barratt from testifying as a fact witness.

**3. References to Defendants' Default on the Loan**

The Court DENIES Defendants' motion *in limine* seeking to prohibit Plaintiff from referencing or commenting on Defendants' default on the loan. Contrary to Defendants' contention, the facts and circumstances surrounding the loan and the default are relevant to and probative of whether Plaintiff unlawfully interfered with Defendants' possession of property on the Vessel at the time of the repossession. Furthermore, any risk of prejudice is minimal here because this is a bench trial. Evanow v. M/V Neptune, 163 F.3d 1108, 1117 (9th Cir. 1998).

**4. Suggestions that Defendants "Stole" the Vessel**

Defendants seek to prevent Plaintiff from arguing or suggesting that Defendants "stole" the Vessel or disappeared with the Vessel without informing Plaintiff of its whereabouts. Dkt. # 101 at 9. In response to this request, Plaintiff has agreed not to argue or elicit testimony that Defendants "stole" the Vessel. Dkt. # 106 at 8. With respect to Defendants' request to preclude Plaintiff from arguing or offering testimony that Defendants removed the Vessel from the United States without informing Plaintiff, the Court GRANTS Defendants' request. Whether

Defendants removed the Vessel from the United States without informing Plaintiff is not relevant to whether Plaintiff unlawfully interfered with Defendants' possession of the property on the Vessel, particularly in light of the parties' agreement that Defendants defaulted on the loan. Defendants' fourth motion *in limine* is GRANTED.

**5. Documents not Disclosed During Discovery**

The Court GRANTS Defendants' unopposed request to exclude documents not disclosed during discovery. The parties are prohibited from introducing evidence that was not previously disclosed pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26; Fed. R. Civ. P. 37(c)(1).

For all of the foregoing reasons, Defendants' motions *in limine* (Dkt. # 101) are GRANTED IN PART and DENIED IN PART.[1]

DATED this 22nd day of January, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.