UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEOPLES BANK,

        Plaintiff,

        v.

BLUEWATER CRUISING LLC, *et al.*,

        Defendants.

Case No. C12-00939RSL

ORDER DENYING PLAINTIFF'S MOTIONS *IN LIMINE*

    This matter comes before the Court on "Peoples Bank's Motions *in Limine*" (Dkt. # 99). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**1. Murray Reid's February 2012 Insurance Survey Report**

    Plaintiff Peoples Bank seeks to exclude an appraisal of the S/V Maamalni (the "Vessel") prepared by Murray Reid in February 2012 for purposes of obtaining insurance because it is hearsay and the risk of unfair prejudice outweighs the probative value of the evidence. Dkt. # 99 at 1-7. Because the Court recently dismissed all claims and counterclaims related to the value of the Vessel, dkt. # 110, Plaintiff's first motion *in limine* is DENIED as moot.

**2. Gerald Edwards' 2006 Purchase Survey and 2007 Amendment**

    Plaintiff also seeks to exclude the marine survey report and related amendment prepared by Gerald Edwards in 2006 and 2007. Dkt. # 99 at 7-10. As noted above, there are no claims

ORDER DENYING PLAINTIFF'S MOTIONS *IN LIMINE* - 1

related to the value of the Vessel remaining for trial. Dkt. # 110 at 26-27. The only claim remaining for trial is Defendants' counterclaim for conversion of property on board the Vessel. Therefore, the Court DENIES as moot Plaintiff's second motion *in limine*.

**3. The Bank's "Marine Internal Evaluations"**

Like Plaintiff's first two motions *in limine*, Plaintiff's third motion *in limine* is DENIED as moot in light of the Court's recent order dismissing all claims related to the value fo the Vessel.

**4. Inventory of Missing Property**

Finally, Plaintiff asks the Court to exclude a list of property on the Vessel when it was repossessed in April 2012. Id. at 11-13. Ms. Nettleship prepared the list more than one year after repossession and she assigned values to the items listed by reviewing current prices for similar items on store websites. Dkt. # 66 ¶ 12; Dkt. # 100-2 at 30-57. Plaintiff contends that the inventory prepared by Ms. Nettleship should be excluded because it constitutes inadmissible hearsay. Dkt. # 99 at 11-13.

Hearsay is defined as "a statement that the declarant does not make while testifying. . . [that] a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A "statement" includes a person's written assertion. Id. 801(a). "In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002). In this case, the list is being used to prove the truth of the matter asserted - that Plaintiff converted the items identified and that the items had the values assigned. Thus, the document is hearsay. Defendants argue, however, that the list falls under the recorded recollection exception to the rule against hearsay. Dkt. # 103 at 18.

Under Rule 803, a recorded recollection is "[a] record that is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; was made or adopted by the witness when the matter was fresh in the witness's memory; and accurately

ORDER DENYING PLAINTIFF'S MOTIONS *IN LIMINE* - 2

reflects the witness's knowledge." Fed. R. Evid. 803(5). "If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party." Id.

Defendants have not met the requirements for admitting the inventory list under the recorded recollection exception to the rule against hearsay. First, there is no indication at this time that Ms. Nettleship lacks sufficient memory to testify regarding the missing property and the value of this property completely and accurately at trial, as required before hearsay may be admitted under this exception. United States v. Felix-Jerez, 667 F.2d 1297, 1300 (9th Cir. 1982) ("[I]t must first be shown that the witness does not now have sufficient recollection as to the matters contained in the statement to enable him to testify fully and accurately regarding them."). Second and more importantly, Defendants have not shown that Ms. Nettleship created the record at a time when she had a fresh recollection of the items on the Vessel that were not returned to her. Thus, based on the record at this time, the Court cannot conclude that the list is admissible under the recorded recollection exception to the rule against hearsay. However, the Court may be in a better position to determine this issue at trial and therefore, reserves ruling on the admissibility of this document.[1]

For all of the foregoing reasons, Plaintiff's motions *in limine* (Dkt. # 99) are DENIED.[2]

---

[1] The Court finds Defendants' argument that the table is admissible as a summary to prove content under Rule 1006 unpersuasive. The list of items and prices does not reflect a summary of voluminous writings, recordings, or photographs that cannot be conveniently examined during trial. Ms. Nettleship previously indicated that she assigned values to the items based on her review of store websites, not her review of records disclosed during discovery. Dkt. # 66 ¶ 12. As a result, the document is not admissible as a summary to prove content under Rule 1006.

[2] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER DENYING PLAINTIFF'S MOTIONS *IN LIMINE* - 3

DATED this 23rd day of January, 2014.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS *IN LIMINE* - 4